IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVID A. ADAMS, # M-45508,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )  Case No. 16-cv-00324-NJR |
| | ) |
| **VIPEN SHAH,** | ) |
| **SUZANN BAILEY,** | ) |
| **CANTINA FOOD SERVICES,** | ) |
| **WEXFORD MEDICAL SERVICES,** | ) |
| **and IDOC DIRECTOR,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff David Adams is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). He filed this action pursuant to 42 U.S.C. § 1983 against the Director of the Illinois Department of Corrections ("IDOC"), Wexford Medical Sources ("Wexford"), Cantina Food Services ("Cantina"), Suzann Bailey (food services administrator), and Vipen Shah (Pinckneyville doctor) for conspiring to violate his Eighth and Fourteenth Amendment rights by serving him only two soy-based meals each day at Pinckneyville. (Doc. 1, pp. 5-7). Plaintiff seeks monetary relief. (*Id*. at 8).

The case is now before the Court for preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff raises two sets of claims in his complaint. The first arises from the soy diet that he is served at Pinckneyville. The second pertains to the prison's policy of serving only two meals each day. The factual allegations offered in support of these claims are summarized below.

***Soy Diet***

According to the complaint, the IDOC Director, Wexford, Cantina, Doctor Shah, and Food Administrator Bailey conspired to violate Plaintiff's rights under the Eighth and Fourteenth Amendments by adopting a soy diet at the prison.[1] (Doc. 1, p. 5). The defendants are aware that soy diets cause serious medical problems because they were each named in a 2009 lawsuit addressing this issue; the lawsuit was filed by female prisoners in Illinois, and the prisoners prevailed. Even so, the defendants insist on serving a soy diet at the prison. (*Id.*).

Since arriving at Pinckneyville in 2014, Plaintiff has consumed this diet and suffered negative health consequences as a result. At first, he suffered from severe stomach pains, extreme gas, and diarrhea. When he filed grievances to complain about the diet and his symptoms, a prison nurse told Plaintiff that Wexford instructed IDOC medical personnel to avoid any "paper trails concerning soy-related medical problems." (*Id.*). Consistent with this directive, the prison's grievance counselors, Mark Hartman and Robert Samolinksi, intentionally destroyed grievances addressing Plaintiff's complaints. When Plaintiff received no response to his grievances, he stopped filing them because he "lost hope." (*Id.*).

---

[1] Plaintiff also names Warden Lashbrook, Robert Samolinski, and Mark Hartman in connection with his soy diet claim, however, these individuals are not named as defendants in the case caption or list of defendants in the complaint. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").

Meanwhile, his symptoms multiplied. Plaintiff also began suffering from severe headaches and constipation. He suffered four bouts of constipation that lasted eight days and resulted in painful bowel movements and a "torn . . . anus." (*Id*. at 6). When Plaintiff met with Doctor Shah to discuss his symptoms, the doctor simply told him to "drink more water" or buy his food from the prison commissary. (*Id*.). Plaintiff's request for a thyroid test was also denied.

Another inmate encouraged Plaintiff to write letters directly to the IDOC Director, Warden Lashbrook, and Wexford. He did so but received no response. Plaintiff also had his family contact them directly. These direct pleas for help were ignored.

Plaintiff alleges that the decision to adopt a soy diet at the prison enabled the defendants to "make[ ] and split[ ] hundreds of millions in dollars." (*Id*.). He now sues the IDOC Director, Wexford, Cantina, Doctor Shah, and Food Administrator Bailey for conspiring to violate his rights under the Eighth and Fourteenth Amendments.

*"Two-Meal-Per-Day" Policy*

The complaint also alleges that the IDOC Director, Cantina, Food Administrator Bailey, and Warden Lashbrook[2] conspired to violate Plaintiff's rights under the Eighth and Fourteenth Amendments by adopting a policy of serving only two meals each day at the prison. Pinckneyville serves no breakfast. (*Id*. at 6). Inmates are instead served brunch at 10:00 a.m. and dinner at 4:00 p.m. (*Id*. at 7). This means Plaintiff is required to go without food for up to eighteen hours at a time. As a result, he suffers from severe hunger pains, headaches, weight loss, and lethargy. (*Id*. at 7-8).

Plaintiff maintains that the two meals are nutritionally inadequate. (*Id*. at 6-7). He has two options. He can either wait up to eighteen hours for his next meal or supplement his diet

---

[2] Although Plaintiff once again names Warden Lashbrook in connection with this claim, the warden is not listed as a defendant in the case caption. Accordingly, the Court will not treat the warden as a defendant herein, and all claims against this individual are deemed dismissed without prejudice. *See id.*

with food from the commissary. Purchasing breakfast from the commissary costs $2.00. Plaintiff points out that the prison would make $4,000.00 per day if each of its 2,000 inmates purchased breakfast. According to Plaintiff, the policy amounts to nothing more than a profit-making scheme on the part of the IDOC Director, Cantina, Food Administrator Bailey, and Warden Lashbrook. The policy also violates Plaintiff's rights under the Eighth and Fourteenth Amendments. (*Id.*).

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court has organized the claims in Plaintiff's *pro se* complaint into the following enumerated counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

> **Count 1:** **Eighth Amendment claim against Defendants IDOC Director, Wexford, Cantina, Doctor Shah, and Food Administrator Bailey for endangering Plaintiff's health by serving a soy diet at the prison.**
>
> **Count 2:** **Conspiracy claim against Defendants IDOC Director, Wexford, Cantina, Doctor Shah, and Food Administrator Bailey for serving a soy diet at the prison in order to generate revenue for themselves.**
>
> **Count 3:** **Eighth Amendment claim against Defendants IDOC Director, Cantina, and Food Administrator Bailey for endangering Plaintiff's health by instituting a "two-meal-per-day" policy that deprives Plaintiff of a nutritionally adequate diet.**
>
> **Count 4:** **Conspiracy claim against Defendants IDOC Director, Cantina, and Food Administrator Bailey for attempting to generate revenue for themselves by adopting and instituting the "two-meal-per-day" policy at Pinckneyville.**

Count 5: Fourteenth Amendment claim against the defendants.

## Claims Subject to Further Review

*Counts 1 & 3–Eighth Amendment*

Several claims survive preliminary review under § 1915A and shall receive further consideration. **Count 1** shall proceed against Defendants **IDOC Director**, **Wexford**, **Cantina**, **Doctor Shah**, and **Food Administrator Bailey**. **Count 3** shall proceed against Defendants **IDOC Director**, **Cantina**, and **Food Administrator Bailey**, and it shall be dismissed with prejudice against Defendants **Wexford** and **Doctor Shah** because these defendants are not mentioned in connection with this claim.

## Claims Subject to Dismissal

*Counts 2 & 4–Conspiracy*

**Counts 2** and **4** shall be dismissed with prejudice because the allegations in the complaint do not support a conspiracy claim against the defendants. "To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators ha[d] an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dep't*, 636 F.3d 293, 304-05 (7th Cir. 2011). The agreement "may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Id.* at 305 (quoting *Hernandez v. Joliet Police Dep't*, 197 F.3d 256, 263 (7th Cir. 1999)). The mere mention of a conspiracy is insufficient to satisfy basic pleading requirements under Federal Rule of Civil Procedure 8 or *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (requiring a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face"). The allegations do not suggest that there was an agreement on the part of any particular group of

defendants to generate income for their personal benefit by serving a soy diet or two meals each day at the prison. Bald assertions and conclusory allegations to this effect do not support a colorable conspiracy claim against the defendants. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Brooks v. Ross*, 578 F.3d 574 (7th Cir. 2009). **Counts 2** and **4** shall therefore be dismissed with prejudice for failure to state a claim upon which relief may be granted.

*Count 5–Fourteenth Amendment*

The complaint refers to the Fourteenth Amendment (**Count 5**) but does not explain why. To the extent that this claim arises from the defendants' failure to respond to Plaintiff's grievances, it is subject to dismissal. Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim" upon which relief may be granted. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n. 3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). In other words, the fact that the defendants may have ignored Plaintiff's grievances does not give rise to a due process claim against them, even at this early stage. To the extent that Count 5 refers to some other legal basis for relief, Plaintiff has not included sufficient allegations to support a claim against any particular defendant. *Twombly*, 550 U.S. at 570. Accordingly, **Count 5** shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.

## Pending Motions

Plaintiff filed a motion for service of process (Doc. 3), which is **GRANTED**. Service shall be ordered on all of the defendants.

Plaintiff also filed a motion for recruitment of counsel (Doc. 8), which shall be **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for a decision.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 3** is **DISMISSED** with prejudice against Defendants **VIPEN SHAH** and **WEXFORD MEDICAL SERVICES**, and **COUNTS 2, 4,** and **5** are **DISMISSED** with prejudice against all of the defendants for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **COUNT 1** will receive further review against all of the defendants, and **COUNT 3** will proceed against Defendants **SUZANN BAILEY**, **CANTINA FOOD SERVICES**, and **IDOC DIRECTOR**. With respect to **COUNTS 1** and **3**, the Clerk of Court shall prepare for **DEFENDANTS VIPEN SHAH, WEXFORD MEDICAL SERVICES, SUZANN BAILEY, CANTINA FOOD SERVICES,** and **IDOC DIRECTOR**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending

the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, including a decision on the motion for recruitment of counsel (Doc. 8). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court,

who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 18, 2016**

**NANCY J. ROSENSTENGEL**
**United States District Judge**